**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

STEVEN KNEIZYS, )
 )
              Plaintiff, )   Case No.: 2:19-cv-01499-GMN-DJA
   vs. )
 )   **ORDER**
FEDERAL DEPOSIT INSURANCE )
COMPANY, *et al.*, )
 )
              Defendants. )

Pending before the Court is the Motion to Dismiss, (ECF No. 13), filed by Defendants James and Vicki McLaughlin (collectively, the "McLaughlins"), and Defendant James Bohanon ("Bohanon"). Pro se Plaintiff Steven Kneizys ("Plaintiff")[1] filed a Response, (ECF No. 16), and the McLaughlins and Bohanon did not file a reply.

Also pending before the Court is Plaintiff's Motion to Transfer Venue, (ECF No. 17).[2] No defendant filed a response.

Also pending before the Court is the Motion to Dismiss, (ECF No. 25), filed by Defendant Federal Deposit Insurance Corporation (FDIC). Plaintiff filed a Response, (ECF No. 26), and FDIC filed a Reply, (ECF No. 29).[3]

**I.   BACKGROUND**

This case concerns a dispute over real property. Among other things, Plaintiff seeks to be declared the "sole owner" of four parcels; namely, Parcels A, B, C, and D, located at 4 First

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Plaintiff's Motion to Transfer Venue, (ECF No. 17), is identical to his Response, (ECF No. 16), to the Motion to Dismiss, (ECF No. 13), filed by the McLaughlins and Bohanon.

[3] Plaintiff's Motion for Hearing, (ECF No. 31), Motion for Summary Judgment, (ECF No. 39), Motion for Leave to File, (ECF No. 41), and Motion for Sanctions, (ECF No. 42).

Avenue, Baileyville, Washington County, Maine. (Am. Compl. at 16, ECF No. 6). To that end, Plaintiff sues numerous defendants asserting the following claims: (1) breach of covenant of warranty; (2) breach of covenant of quiet enjoyment; (3) breach of implied warranty of marketability of title; (4) deed reformation; and (5) declaratory relief. (*Id.* ¶¶ 27–41).

With respect to Defendant FDIC, Plaintiff brings suit against it solely in its capacity as receiver for Washington Mutual Bank, N.A. ("WaMu"). (*Id.* ¶ 4).[4] Plaintiff contends that in September 2018, Plaintiff filed a Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA") claim with the FDIC. (*Id.* ¶ 26). Plaintiff's claim was reviewed, and FDIC determined that Plaintiff's claim was not proven to its satisfaction. (*See id.*); (*see also* Notice of Disallowance, Ex. A to Mot. Transfer). Plaintiff was notified that the claim was "disallowed" via FDIC's Notice of Disallowance of Claim letter dated June 27, 2019. (*Id.*); (Am. Compl. ¶ 26).

On August 26, 2019, Plaintiff commenced the instant action. (Compl., ECF No. 1). On September 12, 2019, Plaintiff filed an Amended Complaint, (ECF No. 6), naming Defendants FDIC, Bohanon, the McLaughlins, Norman Morrison Jr., Franklin Morrison, and Ronald Rice.[5] The McLaughlins and Bohanon now move for dismissal based on lack of personal jurisdiction and improper venue. FDIC also moves to dismiss; however, FDIC's Motion is based on lack of subject matter jurisdiction. Plaintiff moves for transfer of venue.

## II. DISCUSSION

FDIC moves to dismiss Plaintiff's claims arguing that the Court lacks subject matter jurisdiction under FIRREA. Because "a federal court may not entertain an action over which it

---

[4] On September 25, 2008, WaMu was closed by the Office of Thrift Supervision, an agency of the Treasury Department, and FDIC accepted the appointment as the receiver of the failed institution pursuant to 12 U.S.C. § 1821. (Notice of Receivership, Ex. A to Mot. Transfer, ECF No. 17).
[5] Defendants Norman Morrison Jr., Franklin Morrison, and Ronald Rice have not appeared in this action.

has no jurisdiction," *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000), the Court will address FDIC's Motion prior to ruling on any of the other pending motions.

      **A.**      **Subject Matter Jurisdiction**

            *1.*      *Legal Standard*

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citation omitted). Dismissal under Federal Rule of Civil Procedure 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* 546 F.3d 981, 984–85 (9th Cir. 2008). When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

            *2.*      *Analysis*

In response to the savings and loan crisis of the 1980s, Congress enacted FIRREA "to give the FDIC power to take all actions necessary to resolve the problems posed by a financial institution in default." *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1211 (9th Cir. 2012) (internal quotation marks omitted). FIRREA "provides detailed procedures to . . . ensure that the assets of a failed institution are distributed fairly and promptly among those with valid claims against the institution, and to expeditiously wind up the affairs of failed banks." *Id.* (quoting *McCarthy v. FDIC*, 348 F.3d 1075, 1079 (9th Cir. 2003)). Claimants "must, among other things, exhaust administrative remedies and comply with FIRREA's directives on when and where to file suit." *MTB Enterprises, Inc. v. ADC Venture 2011-2, LLC*, 780 F.3d 1256, 1258 (9th Cir. 2015).

Pursuant to FIRREA, a claimant must file suit in the federal district court "within which the [failed bank's] principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such a claim)." 12 U.S.C. § 1821(d)(6)(A)(ii). As the Ninth Circuit Court of Appeals has explained, this provision is a jurisdictional limitation on federal court review. *MTB Enterprises, Inc.*, 780 F.3d at 1258; *see also Friederichs v. Gorz*, 624 F. Supp. 2d 1058, 1061–62 (D. Minn. 2009) ("Section 1821(d)(6)(A) has been interpreted as jurisdictional, since FIRREA divests courts of jurisdiction over all claims not brought in accordance with its strictures.").

In its Motion, FDIC argues that the Court lacks subject matter jurisdiction over Plaintiff's claims because Section 1821(d)(6)(A) only provides two U.S. district courts with jurisdiction and the U.S. District Court for the District of Nevada is not one of them. (FDIC Mot. Dismiss ("MTD") at 5, ECF No. 25). More specifically, FDIC submits that WaMu's principal place of business was located in Seattle, Washington, and therefore, Plaintiff's suit against the FDIC should have been filed in the U.S. District Court for the Western District of Washington or the U.S. District Court for the District of Columbia. (*Id.*); *see also Federici v. Monroy*, No. C 09-4025 PVT, 2010 WL 1463489, at *4 (N.D. Cal. Apr. 12, 2010) ("Defendant WaMu's principal place of business is Seattle, Washington. Therefore, other than the United States District Court for the District of Columbia, the only court with jurisdiction over the [plaintiffs'] claims is the United States District Court for the Western District of Washington."). Plaintiff does not dispute that WaMu's principal place of business is Seattle, Washington. Thus, the Court agrees with FDIC that § 1821(d)(6)(A)(ii) does not confer subject matter jurisdiction upon this particular Court.

Plaintiff nevertheless presents several arguments in an attempt to show that this Court has subject matter jurisdiction. The Court is unpersuaded. Citing *Sharpe v. F.D.I.C.*, 126 F.3d 1147, 1151 (9th Cir. 1997), Plaintiff contends that his claims against FDIC are not subject to an

administrative claims process because Plaintiff is a successor in interest to a pre-receivership contract with WaMu that was not repudiated by the FDIC. (Resp. FDIC MTD at 7, ECF No. 26).  However, Plaintiff's Amended Complaint does not set forth a breach of contract claim against FDIC, or contain allegations sufficiently identifying a contract between Plaintiff and WaMu.  Moreover, Plaintiff's argument contradicts the Amended Complaint's "jurisdiction and venue" statement which indicates "the court has Subject Matter Jurisdiction and it is an appropriate venue under 12 U.S. Code § 1821(d)(6), having exhausted administrative remedies under § 1821(d)." (Am. Compl. ¶ 2).

Plaintiff further contends that FIRREA is not the only federal question before the Court because the Amended Complaint alleges a collection of an unlawful debt, which is a violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961. (Resp. FDIC MTD at 7).  While RICO provides for a civil cause of action, the Amended Complaint does not allege a RICO claim.  Plaintiff makes a similar argument based on federal mail and wire fraud statutes, but those are criminal laws and Plaintiff cites no legal authority indicating that said criminal statutes create a private right of action. (*Id.*).

It is Plaintiff's burden to establish that subject matter jurisdiction exists, and this he has not done.  Accordingly, the Court finds it lacks subject matter jurisdiction over this case.  However, for the reasons discussed below, the Court finds that transfer of the case is the more appropriate remedy.  FDIC's Motion to Dismiss, (ECF No. 25), is **DENIED**.

**B.    Transfer of Venue**

Plaintiff moves to transfer venue to the Western District of Washington pursuant to 28 U.S.C. § 1631. (Pl.'s Mot. Transfer at 1–2, ECF No. 17).  No defendant responded in opposition to Plaintiff's Motion.  While FDIC filed its own competing Motion, (ECF No. 25),

arguing for dismissal, the Motion did not address whether transfer is appropriate under Section 1631.[6]

The transfer of civil actions among federal courts to cure jurisdictional defects is governed by 28 U.S.C. § 1631. A case is transferable under § 1631 if three conditions are met: (1) transferring court lacks jurisdiction; (2) "the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled"; and (3) the transfer is in the interest of justice." *Trejo-Mejia v. Holder*, 593 F.3d 913, 915 (9th Cir. 2010) (quoting *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1140 (9th Cir. 2008)).

Here, the Court has already found that it lacks subject matter jurisdiction, thus the first condition is met. Further, the second condition is met because, as discussed above, and as FDIC argued in its Motion to Dismiss, FIRREA allows a claimant to file suit in the federal district court "within which the [failed bank's] principal place of business is located," and here, that district is the Western District of Washington.

The Court also finds that the third condition is met. "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time consuming and justice-defeating.'" *See Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)). When determining whether transfer is in the interest of justice, courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors. *See Kolek v. Engen*, 869 F.2d 1281, 1284 (9th Cir. 1989) (finding transfer in the interest of justice because litigant was pro se, was not fluent in English, and had limited access to legal research materials in prison); *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001) (finding transfer in the interest of justice given "the complicated questions

---

[6] The Court further notes that Plaintiff's Response to FDIC's Motion also briefly argued in favor of transfer based on 28 U.S.C. § 1631. (Resp. FDIC MTD at 8). FDIC had an opportunity to oppose said argument by way of its Reply, (ECF No. 29). However, FDIC's Reply is completely devoid of any § 1631 analysis.

created by IIRIRA regarding the avenues of direct and habeas review that remain available under INA § 242(a)(2)(C)"). Here, Plaintiff is pro se and submits that he attempted to file in the proper court but was confused because, among other things, FDIC's website indicates the "headquarters" of "Washington Mutual Bank, FA (FDIC #32633)" are located at 2273 North Green Valley Parkway, Henderson, Nevada 89104. (Pl.'s Mot. Transfer at 4); (FDIC Website Screenshot, Ex. C to Pl.'s Mot. Transfer, ECF No. 17). Plaintiff further explains that in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), the U.S. Supreme Court described "principal place of business" as a "nerve center" and stated that "the 'nerve center' will typically be found at a corporation's headquarters." *Id.* at 80–81.[7] Thus, he believed WaMu's principal place of business was in Nevada, and mistakenly filed suit in this Court. (Pl.'s Mot. Transfer at 4–5). Additionally, Plaintiff notes that if his claims are dismissed rather than transferred, it appears FIRREA's 60-day limitations period could bar Plaintiff from reasserting his claims in a competent court. (*See id.* at 6–7); *see also Miller v. FDIC*, 738 F.3d 836, 843–45 (7th Cir. 2013) (interpreting 60-day limitations period in § 1821(d)(6)(B) as jurisdictional); *MTB Enterprises, Inc. v. ADC Venture 2011-2, LLC*, 780 F.3d 1256, 1259 (9th Cir. 2015) (citing *Miller* with approval). As such, failure to transfer could cause Plaintiff to suffer great prejudice. *Kolek*, 869 F.2d at 1284. Based on the foregoing, the Court finds that transfer is in the interest of justice. Because each of the three § 1631 conditions are met, Plaintiff's Motion to Transfer Venue, (ECF No. 17), is **GRANTED**.

///

---

[7] Plaintiff's Response to FDIC's Motion to Dismiss also argues that transfer to the Western District of Washington is warranted because FDIC already agreed to the transfer. (Resp. FDIC MTD at 9). To support this argument, Plaintiff submits a copy of a November 13, 2019 email purportedly sent to Plaintiff by Aaron A. Moore, Counsel for FDIC's Legal Division. (Moore Email, Ex. 2 to Resp. FDIC MTD, ECF No. 26-2). In the email, Mr. Moore states: "FDIC consents to the move to transfer venue to the Western District of Washington. If you need to inform the court of our consent, please use this email response." (*Id.*). FDIC does not dispute the statements of Mr. Moore or the authenticity of the email.

### C. Personal Jurisdiction and Improper Venue

Having found that the Court lacks subject matter jurisdiction over this matter, the Court declines to rule on the Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, (ECF No. 13), filed by the McLaughlins and Bohanon. This Motion is left for resolution by the transferee court.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that FDIC's Motion to Dismiss, (ECF No. 25), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Transfer Venue, (ECF No. 17), is **GRANTED**. This case is **TRANSFERRED** to the U.S. District Court for the Western District of Washington pursuant to 28 U.S.C. § 1631.

**IT IS FURTHER ORDERED** that all other pending motions, (ECF Nos. 13, 31, 39, 41, 42), are left for resolution by the transferee court.

The Clerk of the Court is **DIRECTED** to take the appropriate steps to effect the transfer and close this case.

**DATED** this  21  day of September, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court