UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN KNEIZYS,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, *et al.*,<br><br>        Defendants. | NO. C20-1402RSL<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO SUPPLEMENT, FOR SANCTIONS, AND FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on "Plaintiff's Notice of and Motions to Supplement the Record via Recent Limited Discovery Regarding Standing, Venue and Jurisdiction, for Sanctions, and for Partial Summary Judgment on Reformation and Declaratory Relief." Dkt. # 39.[1] Because the standing, venue, and jurisdictional issues that were pending at the time plaintiff moved to supplement the record have already been resolved, the Court will consider only plaintiff's requests for the imposition of sanctions and summary judgment.

**A. Sanctions**

Plaintiff asserts that a motion to dismiss filed by defendants James McLaughlin, Vicki McLaughlin, and James Bohanon (Dkt. # 13) was ghost written by an attorney, that the attorney

---

[1] It appears that plaintiff filed the same compilation of documents three times, at Dkt. # 39, Dkt. # 41, and Dkt. # 42.

ORDER DENYING PLAINTIFF'S MOTIONS
TO SUPPLEMENT, FOR SANCTIONS, AND
FOR PARTIAL SUMMARY JUDGMENT - 1

was not licensed to practice in Nevada (where this case was pending at the time the motion to dismiss was filed), and that this conduct not only violated Nevada and federal law, but circumvented Rule 11's certification requirement and constituted fraud on the Court. Plaintiff requests that the motion to dismiss be stricken and that the personal jurisdiction defense be deemed waived on the ground that "[n]o person is willing or capable of certifying that the arguments contained therein have a basis in fact or law." Dkt. # 39 at 25. Plaintiff seeks the same relief as sanctions for alleged discovery violations, violations of Rule 11, and violations of Nevada procedural rules. Dkt. # 39 at 26.

      The Court assumes, for purposes of this motion, that an attorney not licensed to practice law in the State of Nevada wrote the motion to dismiss and that he and his clients were not forthcoming regarding his role in drafting the motion during discovery. Nevertheless, the sanctions plaintiff requests are not warranted. The Court is not convinced that the alleged conduct constitutes fraud on the Court or violates Rule 11.[2] Nor would the sanction requested - a deemed waiver of the personal jurisdiction defense - be appropriate in the circumstances presented here. After the motion was filed, the litigation was transferred to this district (Dkt. # 49), the motion to dismiss was denied as moot (Dkt. # 53), and defendants Vicki McLaughlin and James Bohanon[3] are now represented by counsel licensed to practice in the State of Washington (Dkt. # 64). Whether this Court has the power to force the individual defendants to appear in this district will be determined on the merits in the context of the newly-filed motion to

---

[2] To the extent plaintiff seeks sanction s under Rule 11, the request is procedurally defective. A motion for sanctions under Rule 11 must be presented separately from other requests for relief.

[3] Defendant James McLaughlin has died.

ORDER DENYING PLAINTIFF'S MOTIONS
TO SUPPLEMENT, FOR SANCTIONS, AND
FOR PARTIAL SUMMARY JUDGMENT  - 2


dismiss. Dkt. # 67.

**B. Summary Judgment**

Plaintiff seeks summary judgment on his reformation and declaratory judgment claims. Plaintiff requests that the Court reform a June 28, 2000, mortgage contract between Alfreda Morrison and North American Mortgage Company. Dkt. # 1-2 at 54-66. Plaintiff acknowledges that the mortgage describes the mortgaged property as Lot 11 (a/k/a Parcel A), but argues that the encumbered property actually included Parcels A, B, C, and D because the four parcels had been merged by operation of a Baileyville, Maine, land use ordinance that went into effect on October 1, 1997. He seeks reformation of the deed to correct the parties' mutual mistake regarding the property that was subject to the June 28, 2000, mortgage and a declaration that the reformation dates back to the date of the mortgage. Plaintiff also seeks a declaration that an intervening, competing deed is a nullity and that plaintiff is the sole owner of Parcels A, B, C, and D.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . .

ORDER DENYING PLAINTIFF'S MOTIONS
TO SUPPLEMENT, FOR SANCTIONS, AND
FOR PARTIAL SUMMARY JUDGMENT - 3

and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, and taking the evidence in the light most favorable to defendants, Court finds as follows:

1. Background

Plaintiff alleges that, prior to 1997, Alfreda Morrison came to be the sole owner of four contiguous parcels of land in Baileyville, Maine, identified for tax purposes as Parcels A, B, C, and D. Only Parcel A had a structure on it. Dkt. # 1-4 at 60-61. Plaintiff further alleges that, by operation of a local ordinance and based on the above-stated facts, the four parcels were merged into one on October 1, 1997.

When Alfreda Morrison borrowed money in 2000, the property mortgaged to secure the loan was described as Lot 11, a/k/a Parcel A. When Washington Mutual, successor in interest to the original lender, foreclosed on the property in 2005, it transferred title to Lot 11 to itself. Dkt.

# 1-5 at 38-39. Shortly thereafter, the bank purported to transfer to Joyce M. Earle (a/k/a Joyce M. Lizotte) "the same premises conveyed to GRANTOR herein" through the 2000 deed, but described the property as Parcels 1, 2, and 3, which appear to match the descriptions of Parcels A, C, and D. Dkt. # 1-2 at 26-28. Joyce Lizotte's mortgage on the property, which identified Lot 11 as the collateral, was foreclosed in 2014. Plaintiff asserts that the foreclosure was only as to Lot 11 (Dkt. # 1-2 at 29) and that he purchased Lot 11 from the bank in June 2015 (Dkt. # 1-2 at 36-38). Plaintiff subsequently obtained transfers of whatever interest Joyce Lizotte had in Parcels A, B, C, and D. Dkt. # 1-2 at 29-35.

Approximately three years before plaintiff's purchase, the heirs of Alfreda Morrison were notified that they still had an interest in Parcels C and D and agreed to sell that interest to Alton G. Bohanon. Dkt. # 1-2 at 83-85. Upon Alton Bohanon's death, the property went to his son, defendant James Bohanon, who subsequently transferred Parcels C and D to defendants James and Vicki McLaughlin. Dkt. # 1-3 at 2-10.

Upon learning of the second chain or title, plaintiff filed suit in Maine Superior Court arguing that he had been injured by either the Town of Baileyville's inconsistent application of its merger ordinance or the party who requested that the merger ordinance not apply to Alfreda Morrison's property (presumably Alton Bohanon). Dkt. # 1-4 at 6-7. Plaintiff sought to quiet title to Parcels A, B, C, and D based on the same allegations and evidence presented here. In May 2017, the Superior Court entered summary judgment against plaintiff, finding that Alfreda Morrison had mortgaged only Lot 11/Parcel A and that, regardless of the merger ordinance, it was "not compulsory that upon entering mortgage lending arrangements that all of the residential

ORDER DENYING PLAINTIFF'S MOTIONS
TO SUPPLEMENT, FOR SANCTIONS, AND
FOR PARTIAL SUMMARY JUDGMENT - 5

property owned by a borrower be conveyed." Dkt. # 1-4 at 62-63.[4] Thus, plaintiff acquired title only to Parcel A out of Joyce Lizotte's foreclosure and acquired title to Parcel B through a separate conveyance from the heirs of Alfreda Morrison. The Superior Court found that Parcels C and D are owned by the McLaughlins or their successors. Dkt. # 1-4 at 63.

In 2018, plaintiff filed a general unsecured claim against the assets of Washington Mutual Bank, which by that time had been put into a receivership with the Federal Deposit Insurance Corporation ("FDIC") succeeding to all the rights, titles, powers, and privileges of the bank. The FDIC determined that plaintiff's claim was not proven to its satisfaction. The claim was disallowed, and plaintiff filed this lawsuit in Nevada to challenge the determination. Plaintiff sued not only the FDIC, but also the heirs of Alfreda Morrision and the heirs and successors of Alton Bohanon. Plaintiff alleges that defendants conveyed to him an unmarketable property in breach of various warranties and seeks to reform the original mortgage instrument and quiet title in favor of himself.

2. Discussion

Taking the facts in the light most favorable to the non-moving parties, the Court finds that there are genuine issues of material fact regarding *res judicata*, claim preclusion, and mutual mistake that prevent a summary resolution of the reformation or declaratory claims in plaintiff's favor. As is apparent from the background section of this Order, the state courts of Maine have already decided the title issues at the heart of plaintiff's complaint, concluding that the 1997

---

[4] The court noted that granting a mortgage on less than the entirety of a single tax parcel may constitute an unlawful subdivision and compromise the value of the property, but it does not effect the title analysis. Dkt. # 1-4 at 63.

ORDER DENYING PLAINTIFF'S MOTIONS
TO SUPPLEMENT, FOR SANCTIONS, AND
FOR PARTIAL SUMMARY JUDGMENT  - 6

merger of Alfreda Morrison's four parcels for zoning purposes did not prevent her from mortgaging only one parcel and did not impact the title analysis. Although plaintiff's theory in this case is that the mortgage document should be reformed due to mutual mistake, the requested relief is supported primarily by an argument squarely rejected by the Superior Court, namely that the parties could not have intended to encumber only Parcel A in light of the prior merger. Defendants have raised colorable *res judicata* and claim preclusion defenses which have not been rebutted by plaintiff.

Nor has plaintiff shown mutual mistake as a matter of law. When Alton Bohanan expressed interest in the property and Alfreda Morrison's heirs were notified that they still had an interest in Parcels C and D, they did not identify any mistake in the mortgage documents. Rather, they attempted to sell the retained interests. When plaintiff first realized that there was a second chain of titles associated with the property located at 4 First Avenue, Baileyville, Maine, he argued that the bank's foreclosure on Alfreda Morrison's mortgage transferred title to all four parcels by operation of law. Dkt. # 1-2 at 69-72. He did not argue that Alfreda Morrison and the lender mistakenly identified Lot 11 as the collateral, but rather that the merger would have overridden such a choice. It appears that he did not assert that the contracting parties made a mutual mistake until after the Maine Superior Court disagreed with his understanding of the impact of the merger ordinance. While plaintiff may ultimately be able to prove that a mutual mistake was made in the drafting of the June 2000 mortgage, he has not done so on the papers submitted.

//

ORDER DENYING PLAINTIFF'S MOTIONS
TO SUPPLEMENT, FOR SANCTIONS, AND
FOR PARTIAL SUMMARY JUDGMENT  - 7

For all of the foregoing reasons, plaintiff's motions to supplement, for sanctions, and for partial summary judgment are DENIED.

Dated this 12th day of January, 2021.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTIONS
TO SUPPLEMENT, FOR SANCTIONS, AND
FOR PARTIAL SUMMARY JUDGMENT  - 8