1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN KNEIZYS,

               Plaintiff,

      v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, *et al.*,

               Defendants.

NO. C20-1402RSL

ORDER GRANTING MOTION TO
DISMISS FOR LACK OF
PERSONAL JURISDICTION

     This matter comes before the Court on the "McLaughlin Defendants' Motion to Dismiss for Lack of Personal Jurisdiction." Dkt. # 67. The moving defendants are Vicki McLaughlin and James Bohanon. Plaintiff alleges that he was deprived of exclusive possession of real property located in Baileyville, Maine.[1], as a result of a breach of the covenants of warranty and quiet enjoyment. Plaintiff was apparently evicted from the property in light of the competing claims of Bohanon and his successor, McLaughlin. Plaintiff also seeks to reform a June 28, 2000, mortgage contract between Alfreda Morrison, the original owner of the property, and North American Mortgage Company on the property and to quiet title in favor of himself and against

---

    [1] To the extent plaintiff is arguing that the property that is the subject of his claims against the moving defendants is in Washington, the argument is without basis and is rejected.

ORDER GRANTING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION - 1

the moving defendants. McLaughlin and Bohanon request that the claims against them be dismissed for lack of personal jurisdiction.[2]

Plaintiff has not identified any contacts between the moving defendants and the forum state. Rather, he relies on the fact that his claims against the Federal Deposit Insurance Corporation ("FDIC"), the receiver for Washington Mutual Bank, must be filed in this district pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). Plaintiff argues that, because his claim for reformation against the FDIC could adversely impact McLaughlin and/or Bohanon's interests in the real property, they are indispensable parties who should be compelled to participate in this litigation in this, the only forum with the power to adjudicate his claim against the FDIC.

Plaintiff assumes, without citation or analysis, that the joinder of indispensable parties trumps personal jurisdiction concerns. To the contrary, a prerequisite to the power to join an indispensable party is that the party be "subject to service of process." Fed. R. Civ. P. 19(a). If the person is outside the jurisdiction of the Court, *i.e.*, if the Court lacks personal jurisdiction over the person, joinder is not feasible for purposes of Rule 19. *See E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) ("Rule 19(a) sets forth three circumstances in which joinder is not feasible: when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction."). If joinder is not feasible, the Court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

---

[2] The Court rejects plaintiff's waiver argument. McLaughlin and Bohanon first asserted a lack of personal jurisdiction less than a month after they were served with the original complaint: the motion was renewed after the case was transferred from Nevada to Washington.

ORDER GRANTING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION - 2

1    Compelling a party over whom the Court lacks personal jurisdiction to nevertheless appear is not

2    an option.

3         The issue before the Court is, therefore, whether it has the power to hale McLaughlin and

4    Bohanon into court in this forum. The Court must determine whether each defendants'

5    connections with Washington are substantial enough that the maintenance of suit here "does not

6    offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S.

7    310, 316 (1945). In determining whether personal jurisdiction exists, "[e]ach defendant's

8    contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790

9    (1984). "The question is whether a defendant has followed a course of conduct directed at the

10   society or economy existing within the jurisdiction of a given sovereign, so that the sovereign

11   has the power to subject the defendant to judgment concerning that conduct." *J. McIntyre*

12   *Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 884 (2011).

13        Plaintiff alleges that the moving defendants are residents of Maine and the events at issue

14   occurred in that state. Plaintiff does not allege any facts and has not produced any evidence

15   linking McLaughlin or Bohanon to Washington in any way. The defendants are not found here,

16   they did not sign a contract or commit a tort here, the purchase of real property in Maine did not

17   contemplate future conduct in Washington, and there is no indication that they had any interest

18   in or directed their efforts toward the society or economy of this state. Neither McLaughlin nor

19   Bohanon have the "minimal contacts" with Washington (or Nevada, for that matter) that would

20   permit the Court to exercise personal jurisdiction over them in this action. The continuation of

21   this suit against McLaughlin and/or Bohanon would offend the traditional notions of fair play

22   and substantial justice, and would violate the Due Process Clause. The motion to dismiss for

ORDER GRANTING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION - 3

1  lack of personal jurisdiction is therefore GRANTED.[3]

2      The moving defendants have requested an award of fees under RCW 4.28.185(5) which

3  provides that, if a defendant was personally served outside the state on causes of action

4  enumerated in Washington's long-arm statute "and prevail[s] in the action, there may be taxed

5  and allowed to the defendant as part of the costs of defending the action a reasonable amount to

6  be fixed by the court as attorney's fees." Plaintiff argues that any expenses McLaughlin and

7  Bohanon incurred were the fault of the FDIC. But it was not the FDIC which sought to hale the

8  defendants into court in remote jurisdictions in order to resolve a title issue involving real

9  property in Maine. Nevertheless, an award of fees under RCW 4.28.185(5) is not appropriate.

10 The subsection "authorizes an award of reasonable attorney fees to a defendant who, having

11 been hailed into a Washington court *under the long-arm statute*, 'prevails in the action.'" *Scott*

12 *Fetzer Co. v. Weeks*, 114 Wn.2d 109, 112 (1990) (emphasis added).[4] Defendants were dragged

13 into this litigation through service of process under Nevada's long-arm statute, not RCW

14 4.28.185(5), and are here only because of an intra-district transfer. When plaintiff served

15 process, he would have had no idea that Washington's fee-shifting statute would be in play. The

16 Court declines to award fees to a foreign defendant who was not hailed into court under

17

18

19

20

---

21      [3] Plaintiff's arguments regarding the appropriateness of a transfer to the District of Maine depend
22 on his contention that the FDIC must be re-aligned as a co-plaintiff in this litigation. The FDIC opposes
   such a realignment, and plaintiff's convoluted justification for the request (Dkt. # 11-14) is not
23 persuasive.

24      [4] The moving defendants assert that the purpose of RCW 4.28.185(5) is "to ensure minimum
   contacts and to mitigate the harm to defendants wrongfully haled into the courts of this state." Dkt. # 74
25 at 10. No citation to legislative history, a statutory purpose provision, or case law is provided. This case
   does not involve a use or abuse of the Washington long-arm statute. Under *Scott Fetzer*, the fee-shifting
26 provision does not apply.

27 ORDER GRANTING MOTION TO DISMISS
28 FOR LACK OF PERSONAL JURISDICTION - 4

Washington's long-arm statute.


For all of the foregoing reasons, defendants' motion to dismiss for lack of personal jurisdiction is GRANTED. The claims against McLaughlin and Bohanon are hereby DISMISSED.


Dated this 11th day of June, 2021.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION - 5