UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN KNEIZYS,<br><br>        Plaintiff,<br><br>        v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, *et al.*,<br><br>        Defendants. | NO. C20-1402RSL<br><br>ORDER DENYING MOTION TO JOIN A PARTY AND MODIFY SCHEDULING ORDER |

This matter comes before the Court on "Plaintiff's Motion to Join a Party and Modify Scheduling Order." Dkt. # 100. Plaintiff recently discovered that the FDIC, as the receiver for Washington Mutual Bank ("WAMU"), may have a policy of insurance covering some or all of the claims asserted in the above-captioned litigation. He seeks to amend the complaint to add the insurer as a defendant, arguing that the FDIC has a statutory duty to minimize expenditures from the fund and should therefore have made a claim on the policy. FDIC opposes the motion. Plaintiff did not file a reply.

Having reviewed the submissions of the parties, plaintiff's motion is DENIED for the following reasons:

1. Plaintiff has not argued or shown that Chicago Title Insurance Company is an

ORDER DENYING MOTION TO JOIN A PARTY
AND MODIFY SCHEDULING ORDER - 1

indispensable party under Fed. R. Civ. P. 19.

2. Plaintiff has not argued or shown that he has a colorable claim or right to relief against Chicago Title Insurance Company that he is entitled to assert in this litigation for purposes of the permissive joinder analysis under Fed. R. Civ. P. 21.

3. Plaintiff has not provided any legal authority that supports his effort to compel the FDIC to make a claim under the Chicago Title Insurance Company policy (or to pursue legal action against the insurer).

4. Under Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent."[1] The deadline for joining parties was August 26, 2021. Dkt. # 82. The deadline for completing discovery was December 6, 2021. Dkt. # 94. Although plaintiff only recently became aware of the policy's existence and complains that the FDIC failed to disclose the policy earlier, there is no indication that plaintiff requested that the FDIC produce its insurance policies during discovery. Plaintiff has not shown diligence or good cause for the belated addition of a new party, especially where the proposed

---

[1] Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedures. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the 1983 amendment, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). *See also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

ORDER DENYING MOTION TO JOIN A PARTY
AND MODIFY SCHEDULING ORDER - 2

amendment would require the reopening of discovery and the continuance of all pending case management deadlines.

For all of the foregoing reasons, plaintiff's motion to join a new defendant and to modify the case management order (Dkt. # 100) is DENIED.

Dated this 3rd day of January, 2022.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge