UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN KNEIZYS,

Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, *et al.*,

Defendants.

NO. C20-1402RSL

ORDER GRANTING IN PART FDIC-RECEIVER'S MOTION FOR SUMMARY JUDGMENT AND CERTIFYING QUESTION TO THE MAINE SUPREME JUDICIAL COURT

This matter comes before the Court on "Defendant FDIC-Receiver's Motion for Summary Judgment." Dkt. # 91. The Court hereby GRANTS plaintiff's request that the motion be renoted and that his opposition (Dkt. # 97) be considered.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S.

ORDER REGARDING FDIC-RECEIVER'S
MOTION FOR SUMMARY JUDGMENT - 1

at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

Having reviewed the memoranda submitted by the parties and the declaration and exhibits submitted by defendant[1] and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

As described in the Court's earlier order:

> Plaintiff alleges that, prior to 1997, Alfreda Morrison came to be the sole owner of four contiguous parcels of land in Baileyville, Maine, identified for tax purposes as Parcels A, B, C, and D. Only Parcel A had a structure on it. Dkt. # 1-4 at 60-61. Plaintiff further alleges that, by operation of a local ordinance and based on the above-stated facts, the four parcels were merged into one on October 1, 1997.

---

[1] Plaintiff did not offer a declaration or authenticated documents in response to the FDIC's motion. This matter can be decided on the papers submitted. Plaintiff's request for oral argument is DENIED.

ORDER REGARDING FDIC-RECEIVER'S
MOTION FOR SUMMARY JUDGMENT - 2

When Alfreda Morrison borrowed money in 2000, the property mortgaged to secure the loan was described as Lot 11, a/k/a Parcel A. When Washington Mutual, successor in interest to the original lender, foreclosed on the property in 2005, it transferred title to Lot 11 to itself. Dkt. # 1-5 at 38-39. Shortly thereafter, the bank purported to transfer to Joyce M. Earle (a/k/a Joyce M. Lizotte) "the same premises conveyed to GRANTOR herein" through the 2000 deed, but described the property as Parcels 1, 2, and 3, which appear to match the descriptions of Parcels A, C, and D. Dkt. # 1-2 at 26-28. Joyce Lizotte's mortgage on the property, which identified Lot 11 as the collateral, was foreclosed in 2014. Plaintiff asserts that the foreclosure was only as to Lot 11 (Dkt. # 1-2 at 29) and that he purchased Lot 11 from the bank in June 2015 (Dkt. # 1-2 at 36-38). Plaintiff subsequently obtained transfers of whatever interest Joyce Lizotte had in Parcels A, B, C, and D. Dkt. # 1-2 at 29-35.

Approximately three years before plaintiff's purchase, the heirs of Alfreda Morrison were notified that they still had an interest in Parcels C and D and agreed to sell that interest to Alton G. Bohanon. Dkt. # 1-2 at 83-85. Upon Alton Bohanon's death, the property went to his son, defendant James Bohanon, who subsequently transferred Parcels C and D to defendants James and Vicki McLaughlin. Dkt. # 1-3 at 2-10.

Upon learning of the second chain of title, plaintiff filed suit in Maine Superior Court arguing that he had been injured by either the Town of Baileyville's inconsistent application of its merger ordinance or the party who requested that the merger ordinance not apply to Alfreda Morrison's property (presumably Alton Bohanon). Dkt. # 1-4 at 6-7. Plaintiff sought to quiet title to Parcels A, B, C, and D based on the same allegations and evidence presented here. In May 2017, the Superior Court entered summary judgment against plaintiff, finding that Alfreda Morrison had mortgaged only Lot 11/Parcel A and that, regardless of the merger ordinance, it was "not compulsory that upon entering mortgage lending arrangements that all of the residential property owned by a borrower be conveyed." Dkt. # 1-4 at 62-63.* Thus, plaintiff acquired title only to Parcel A out of Joyce Lizotte's foreclosure and acquired title to Parcel B through a separate conveyance from the heirs of Alfreda Morrison. The Superior Court found that Parcels C and D are owned by the McLaughlins or their successors. Dkt. # 1-4 at 63.

ORDER REGARDING FDIC-RECEIVER'S
MOTION FOR SUMMARY JUDGMENT - 3

> \*The court noted that granting a mortgage on less than the entirety of a single tax parcel may constitute an unlawful subdivision and compromise the value of the property, but it does not affect the title analysis. Dkt. # 1-4 at 63.

> In 2018, plaintiff filed a general unsecured claim against the assets of Washington Mutual Bank, which by that time had been put into a receivership with the Federal Deposit Insurance Corporation ("FDIC") succeeding to all the rights, titles, powers, and privileges of the bank. The FDIC determined that plaintiff's claim was not proven to its satisfaction. The claim was disallowed, and plaintiff filed this lawsuit in Nevada to challenge the determination. Plaintiff sued not only the FDIC, but also the heirs of Alfreda Morrison and the heirs and successors of Alton Bohanon. Plaintiff alleges that defendants conveyed to him an unmarketable property in breach of various warranties and seeks to reform the original mortgage instrument and quiet title in favor of himself.

Dkt. # 69 at 4-6. In his dispute with the FDIC, plaintiff argues that he has been harmed by Washington Mutual's attempt to convey more property to Joyce Lizotte than it had foreclosed upon and seeks to hold the FDIC, as Receiver for Washington Mutual, liable for the losses arising from that error.[2] Plaintiff alleges that Washington Mutual breached express and implied

---

[2] In the alternative, plaintiff argues that Washington Mutual's predecessor incorrectly described the mortgaged property when it loaned money to Alfreda Morrison in 2000 and that the FDIC must therefore reform the original mortgage so that it will be in a position to defend the subsequent conveyance to Joyce Lizotte. In essence, plaintiff wants the 2000 mortgage rewritten to identify not only Parcel A, but also Parcels C and D, as collateral for the loan.

Plaintiff's theory is that the merger ordinance prevented Morrison from using only part of her property as collateral and that the parties were therefore operating under a mutual mistake when they identified only Parcel A as collateral. Under Maine law, however, there is no legal defect in the original mortgage between Alfreda Morrison and Washington Mutual's predecessor: the Maine courts have already determined that, despite the merger ordinance, it was "not compulsory that upon entering mortgage lending arrangements that all of the residential property owned by a borrower be conveyed" (Dkt. # 1-4 at 62-63) and that Morrison had, in fact, mortgaged only Parcel A. Because plaintiff offers no evidence of a mutual mistake other than his own incorrect understanding of the legal impact of the merger ordinance, there is no grounds for a reformation of that mortgage. This is especially true where the Court's exercise of equitable powers in plaintiff's favor would prejudice the rights of others with an interest in the property, such as the Bohanons and McLaughlins. *See In re Pribish*, 25 B.R. 403, 404

ORDER REGARDING FDIC-RECEIVER'S
MOTION FOR SUMMARY JUDGMENT  - 4

covenants or warranties owed to Joyce Lizotte and her successors and seeks damages for the breach and/or reformation and declaratory relief that retroactively validates Washington Mutual's representation that it was conveying Parcels A, C, and D to Joyce Lizotte.

The FDIC first learned that plaintiff might have a claim against the Washington Mutual receivership estate in September 2018. Dkt. # 91-1 at ¶ 3 and 20. It sent plaintiff notice regarding the need to submit a Proof of Claim Form and, because the bar deadline for claims against the receivership estate had already passed, to show that he did not know that a receiver had been appointed in time to file a timely claim. Dkt. # 91-1 at 4-5. Plaintiff submitted a proof of claim and various exhibits and requested that the FDIC apply its procedures for handling claims that arose after the deadline for making claims had passed. Dkt. # 19-1 at ¶ 5 and 18. He urged the FDIC to pursue equitable relief that would validate the warranty deed Washington Mutual had granted to Joyce Lizotte (thereby delivering Parcels C and D to him) or, if the FDIC declined to stand by the warranties, to pay the costs and expenses plaintiff incurred in defending the title plus the difference between the value of the entire property versus just parcels A and B. Dkt. # 91-1 at 19. The FDIC declined to take legal action to reclaim parcels of land on plaintiff's behalf, but requested additional information to support plaintiff's claim for $95,000 in damages, in particular the value of the parcels as of 2017 when they were "lost" as a result of the decision of the Maine court that evicted plaintiff from the property. Dkt. # 91-1 at 419. The FDIC acknowledged that "there is evidence to show misgivings were caused by the erroneous transfer of Parcels C & D by WaMu before [plaintiff's] acquisition of the property," and hoped the

---

(Bankr. D. Me. 1982). Plaintiff's demand that the FDIC reform the 2000 mortgage documents to grant Washington Mutual's predecessor a greater interest than it actually held just so that Washington Mutual's subsequent representations could be validated fails as a matter of law.

ORDER REGARDING FDIC-RECEIVER'S
MOTION FOR SUMMARY JUDGMENT - 5

parties could avoid unnecessary litigation and delay through a properly supported damages claim. Dkt. # 91-1 at 421. In response, plaintiff relied on his previous "estimate/guess" regarding the value of his loss, declined to provide the requested appraisal, provided suggestions regarding valuation parameters, and proposed that the best course of action might be for him to file a suit for reformation of the warranty deed between Alfreda Morrison and Washington Mutual's predecessor. Dkt. # 91-1 at 423-24. The FDIC disallowed the claim, finding that plaintiff had failed to prove his claim against the receivership. Dkt. # 91-1 at 427.

**A. Breach of Warranty Claims**

Plaintiff's breach of warranty claims are based on the "Warranty Deed" Washington Mutual provided to Joyce Lizotte in 2006. Dkt. # 91-1 at 105-06. The FDIC argues that there are, in fact, no warranties in the "Warranty Deed" under Maine law, citing the Short Form Deeds Act, 33 M.R.S. § 761 *et seq*.[3] Plaintiff, for his part, argues that use of the phrase "Warranty Deed" in the title of the conveyance document gives rise to the full panoply of warranties and covenants known at law.[4]

The Short Form Deeds Act identifies phrases that, when used in real estate documents, automatically incorporate certain promises into the instrument. The purpose of the statute is to

---

[3] Plaintiff asserts that this argument is an unpled affirmative defenses. The existence of a warranty is an element of plaintiff's claim, however, and the FDIC is simply denying plaintiff's factual allegation. An affirmative defense, on the other hand, would admit the existence of a warranty and its breach, but allege the existence of other facts that avoid or negate liability.

[4] To the extent plaintiff argues that the use of the phrase "Warranty Deed" on the Lizotte conveyance document was a negligent misrepresentation or a fraud, no such claim is asserted in the Amended Complaint, and he cannot add a new claim in response to a motion for summary judgment. Even if plaintiff were given leave to further amend his complaint to add a negligent misrepresentation or fraud claim, it was not included in his proof of claim against the receivership estate. Having failed to give the Receiver an opportunity to determine whether to allow or disallow the claim, this Court would lack jurisdiction to consider it. 12 U.S.C. § 1821(d).

ORDER REGARDING FDIC-RECEIVER'S
MOTION FOR SUMMARY JUDGMENT - 6

"avoid[] the unnecessary use of words in deeds or other instruments relating to real estate." 33 M.R.S. § 762. The Act does not require that the statutory short forms set forth in 33 M.R.S. § 775 be used verbatim, but instead provides that the forms "may be altered as circumstances require" (33 M.R.S. § 761) and that "whether the statutory short form or other forms are used, the rules and definitions contained in sections 763 to 774 shall apply . . ." (33 M.R.S. § 762). Under both § 763 and § 764, the phrase that triggers incorporation under the Act is "warranty covenants:" its use in the statutory short form (33 M.R.S. §§ 763 and 775) and in other instruments conveying real estate (33 M.R.S. § 764) has the force and effect of covenants that the grantor was lawfully seized of the premises, that the property is free of encumbrances, that the grantor has the right to sell and convey the property, and that the grantor and his or her heirs "will warrant and defend the same to the grantee, his heirs and assigns forever, against the lawful claims and demands of all persons" (33 M.R.S. § 763; *see also* 33 M.R.S. § 764). The form of deed Washington Mutual used to convey property to Joyce Lizotte does not contain the phrase "warranty covenants." Neither party provides, and the Court has not found, any case law or other Maine authority interpreting a deed such as this, where the document is entitled "Warranty Deed" but contains neither an express warranty nor the short form "warranty covenants" language.

Where federal litigation involves determinative questions of state law and there is no clear controlling precedent, the Court may certify such questions to the Maine Supreme Judicial Court sitting as the Law Court for instructions. Me. R. App. P. 25(a); 4 M.R.S. § 57. Plaintiff points out that the real estate instrument to Joyce Lizotte is, in fact, a "Warranty Deed" and argues that some warranty is therefore implied, even if not expressly stated. The FDIC, on the

ORDER REGARDING FDIC-RECEIVER'S
MOTION FOR SUMMARY JUDGMENT - 7

other hand, argues that without the magic words "warranty covenants," the "Warranty Deed" is nothing more than a quitclaim deed that transferred whatever interest Washington Mutual had in the property to Joyce Lizotte, without any warranty that Washington Mutual actually owned an interest in the property or that its title was free and clear. This is a matter of some importance to the real property records of the State of Maine and should be decided in the first instance by its highest court.

The undersigned therefore certifies the questions of whether, under Maine law, any warranty is implied by the use of the term "Warranty Deed" to describe an instrument which "grants . . . real property with the buildings and improvements thereon . . . being the same premises conveyed to GRANTOR" by prior deed (Dkt. # 91-1 at 105) and, if so, which warranty or warranties are implied. The undersigned respectfully requests the Law Court to provide instructions concerning such questions of state law pursuant to 4 M.R.S. § 57 and Rule 25 of the Maine Rules of Appellate Procedure. In accordance with Maine Rule of Appellate Procedure 25(b), the Court respectfully suggests that the FDIC-Receiver be treated as the appellant before the Maine Supreme Judicial Court sitting as the Law Court.

The Clerk of Court is hereby directed to cause twelve (12) copies of this Order to be certified, under official seal, to the Maine Supreme Judicial Court sitting as the Law Court. It is further ordered that the Clerk of this Court be, and is hereby, authorized and directed to provide, without any cost, to the Law Court, upon written request of the Chief Justice or the Clerk thereof, copies of any and all filings of the parties herein and of the docket sheets pertaining to this case.

ORDER REGARDING FDIC-RECEIVER'S
MOTION FOR SUMMARY JUDGMENT - 8

**B. Statute of Limitation**

The FDIC asserts that, even if Washington Mutual impliedly warranted its ownership of Parcels C and D and breached that warranty, plaintiff's warranty claims are time-barred. In Maine, "[t]he statute of limitations for civil actions is six years, 14 M.R.S. § 752 (2006), unless another statute provides otherwise." *Dowling v. Salewski*, 926 A.2d 193, 196 (Me. 2007). The FDIC contends that the six-year civil statute of limitations bars plaintiff's warranty claim because the cause of action accrued upon the delivery of the deed, which occurred more than six years prior to the filing of this action. Dkt. # 91 at 8-9. Plaintiff argues (a) that his claims were timely brought because the deed is a "sealed instrument" that is subject to a twenty-year statute of limitations under 14 M.R.S. § 751 and (b) that the warranty was breached in 2017 when he was evicted from the property, not in 2006 when the deed was created. Dkt. # 97 at 15-16. *Lloyd v. Estate of Robbins*, 997 A.2d 733, 738-39 (Me. 2010), offers support for plaintiff's first argument. The Supreme Court of Maine noted that "under seal" is a term of art with a lengthy history and multiple potential meanings. *Id.* at 738. In that case, the word "SEAL" was printed next to the seal of a notary public: no other seal or reference to a seal was found in the deed. *Id.* at 736. The court determined "that for a document to be 'under seal,' the seal must be that of the signer of the instrument," not the notary public. *Id.* at 739. Under Maine law, "[a] recital that such instrument is . . . given under the hand and seal of the person signing the same . . . shall be sufficient to give such instrument the legal effect of a sealed instrument without the addition of any seal of wax, paper or other substance or any semblance of a seal by scroll, impression or otherwise." Washington Mutual's representative signed the Warranty Deed to Joyce Lizotte following the statement "Witness my hand and seal this 21 day of Sept, 2006." The more

ORDER REGARDING FDIC-RECEIVER'S
MOTION FOR SUMMARY JUDGMENT - 9

specific statute of limitation - 14 M.R.S. § 751 - therefore provides the applicable limitations period in this case, and plaintiff's breach of warranty claim is timely regardless whether the cause of action arose in 2006 or in 2017.[6]

**C. Reformation**

Plaintiff seeks reformation of the original mortgage from Alfreda Morrison to Washington Mutual's predecessor, North American Mortgage Company. The FDIC argues that the Court lacks jurisdiction over this claim because plaintiff failed to properly present it to the FDIC Receiver or to otherwise exhaust his administrative remedies as required by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(d)(13)(D). Plaintiff filed a 14 page claim with 398 pages of exhibits. He mentions reformation a handful of times in the following contexts:

> 1. While acknowledging that the Maine courts determined that Washington Mutual held a mortgage on only Parcel A, plaintiff argues that the courts did not consider whether equitable relief in the form of reformation would be available to the successors in interest. Plaintiff presented the FDIC with two options: either pursue equitable relief or accept the determination of the Maine courts and pay damages. Dkt. # 91-1 at 18.

> 2. Representing that the successors of Washington Mutual and the FDIC agree that Washington Mutual had a right to acquire all of the parcels it purportedly conveyed to Joyce Lizotte and that the FDIC might need to reform the Alfreda Morrison mortgage deed in order to defend the Lizotte conveyance. Dkt. # 91-1 at 19.

---

[6] The FDIC disallowed plaintiff's claim for damages arising from breach of warranty because he failed to substantiate the amount of damages. It did not, however, seek summary judgment on the ground that the disallowance was appropriate, and the Court has not reviewed the FDIC's decision on the merits.

ORDER REGARDING FDIC-RECEIVER'S
MOTION FOR SUMMARY JUDGMENT - 10

In addition, plaintiff repeatedly invites the FDIC to defend the conveyance to Joyce Lizotte. When these exhortations are read in context, it is clear that he is asking the FDIC to pursue reformation of the Alfreda Morrison deed to reflect that the mortgage applied to Parcels A, C, and D. Plaintiff adequately presented his reformation claim to the FDIC, which affirmatively declined to take legal action to reclaim Parcels C and D for plaintiff's benefit. Dkt. # 91-1 at 421. The Court therefore has jurisdiction to review the declination.

Nevertheless, plaintiff's reformation claim fails as a matter of law. As discussed in footnote 2, however, plaintiff has neither alleged nor shown that there was a legal or factual mistake in the 2000 instrument which could justify reformation under Maine law. His claim for reformation is therefore dismissed on the merits.

**D. Declaratory Judgment**

Plaintiff seeks declarations that the Bohanon and McLaughlin deeds are void and that he is the sole owner of Parcels A, B, C, and D. The Bohanons and McLaughlins are not before the Court, however. The FDIC claims no ownership of or interest in the parcels, and plaintiff seeks no declaration against it. This claim is therefore subject to dismissal.

**E. Untimely Claims Against the FDIC-Receiver**

The FDIC argues that because plaintiff failed to make a claim prior to December 30, 2008 (the Washington Mutual claims-bar date) or to show that he lacked knowledge of the appointment of the receiver, the FDIC's denial of plaintiff's claims for damages and/or reformation was appropriate. Plaintiff's proof of claim made clear, however, that he did not learn of the misrepresentation in the 2006 deed until after he purchased the property in 2015, and he did not have a claim until he was evicted from Parcels C and D in 2017. Plaintiff expressly

ORDER REGARDING FDIC-RECEIVER'S
MOTION FOR SUMMARY JUDGMENT - 11

argued that enforcement of the bar date against claims that had not yet arisen would raise constitutional issues and requested that the FDIC implement its internal policies related to claims arising after the bar date. *See LNV Corp. v. Outsource Servs. Mgmt., LLC*, 869 F.3d 662, 669-70 (8th Cir. 2017) (gathering cases discussing the FDIC's guidelines construing "the pivotal statutory bar-date exception in subsection 1821(d)(5)(C)(ii)—"the claimant did not receive notice of the appointment of the receiver in time to file such claim before [the bar] date"—as permitting late filing even by claimants who were on notice of FDIC's appointment [as receiver] but could not file their claim because it did not come into existence until after the bar date prescribed in subsections 1821(d)(3)(B)(i) and 1821(d)(5)(C)(i)") (quoting *Heno v. FDIC*, 20 F.3d 1204, 1209 (1st Cir. 1994)).

The FDIC credited plaintiff's assertions regarding the accrual of his cause of action, raising no concerns regarding the timeliness of plaintiff's claims and recognizing that his loss occurred in June 2017. Having had a full and fair opportunity to consider plaintiff's claims and having actually resolved the claims on the merits, the FDIC cannot preclude judicial review based on the fallacy that there was a failure to exhaust.

//

//

//

ORDER REGARDING FDIC-RECEIVER'S
MOTION FOR SUMMARY JUDGMENT - 12

For all of the foregoing reasons, the FDIC's motion for summary judgment is GRANTED in part. Plaintiff's reformation and declaratory judgment claims are DISMISSED. The Court will certify questions regarding plaintiff's breach of warranty claims to the Maine Supreme Judicial Court sitting as the Law Court as set forth in Section A. All remaining case management deadlines, including the trial date, are hereby STRICKEN.

Dated this 21st day of March, 2022.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING FDIC-RECEIVER'S
MOTION FOR SUMMARY JUDGMENT - 13